IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2214-BO

| | |
|---|---|
| ANTHONY HUNT,<br>      Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br>      Respondent. | O R D E R |

Anthony Hunt petitions the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hunt states that the United States Parole Commission has issued a parole violation warrant, but has not conducted a prompt hearing on the warrant. Pet. at 2-4. The government moved to dismiss the matter for failure to state a claim and lack of jurisdiction. Mot. to Dismiss, D.E. 8. Notice was given to Hunt, and Hunt responded. Notice, D.E. 10, and Response, D.E. 11. On May 23, 2013, the court denied the motion. Order, D.E. 12. Thereafter, on July 5, 2013, the government filed a second motion to dismiss. Mot. to Dismiss, D.E. 16. Notice of the second motion was given, Notice, D.E. 18, to which Hunt responded [D.E. 19]. On March 3, 2014, respondent also filed a corrected memorandum in support of respondent's renewed motion. Corrected Mem., D.E. 24. Notice was again given to petitioner, D.E. 25, and the matter is ripe for determination.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. In addition to the complaint, the court may consider documents integral to and explicitly relied on in the complaint if the plaintiff does not challenge their authenticity.[1] Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir.2004). The court may also take judicial notice of matters of public record. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir.2009).

On July 26, 2006, the Superior Court of the District of Columbia sentenced Hunt to 36 months in prison for distribution of cocaine. Resp't's First Mem., Ex. A (BOP sentence computation data). On October 10, 2008, Hunt began his term of supervised release. Id. Ex. B (certificate of parole). The United States Parole Commission ("Parole Commission") had jurisdiction over Hunt through the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a), 111 Stat. 712, 745 ("Revitalization Act"); see also D.C. Code § 24-131(a). The Revitalization Act granted the Parole Commission

---

[1] The court recognizes that the government's first motion to dismiss [D.E. 5] is supported by exhibits [D.E. 6]. The court finds that the exhibits are either public records for which judicial notice may be taken or documents to and explicitly relied on in the complaint. Therefore, the court reviews the matter under the 12(b)(6) standards.

exclusive jurisdiction over all District of Columbia felony prisoners. See Franklin v. District of Columbia, 163 F.3d 625, 632 (D.C. Cir. 1998).

On November 16, 2011, the Parole Commission issued a warrant for Hunt based on allegations that he had been arrested for selling cocaine. Resp't's Mem., Ex. B (warrant and warrant application). Petitioner was convicted of distribution of a controlled substance and possession with intent to distribute a controlled substance, and on April 24, 2012, he sentenced by the Superior Court of the District of Columbia to 84 months in prison with 5 years supervised release. Id., Ex. C (judgment and sentence). The Bureau of Prisons has lodged the Parole Commission's warrant as a detainer against Hunt. Id., Ex. A. On September 27, 2012, after Hunt filed this petition, the Parole Commission performed a dispositional record review and determined that Hunt's current detainer should stand. Resp't's Corrected Mem., D.E. 24, Ex. A (notice of action).

Hunt asserts a due process violation. The United States Supreme Court addressed a similar claim in Moody v. Daggett, 429 U.S. 78 (1976), and held that a federal parolee imprisoned for a crime committed while on parole is not constitutionally entitled to a prompt parole revocation hearing when a parole violator warrant is issued and lodged with the institution of his confinement but not served on him. Id. at 89. Furthermore, although Hunt argues that the failure of the Parole Commission to conduct a dispositional review of the detainer prevented him from participating in rehabilitative programs, the argument fails. See id. at 88 & n.9; see also Riley v. Holt, No. Civ. 1:CV-04-1976, 2005 WL 1154755, at *2 (M.D. Pa. May 4, 2005) (unpublished); 28 C.F.R. § 2.100(b)–(c).

Hunt may also be arguing that respondent violated 28 C.F.R. § 2.47. See Pet. That regulation provides, in pertinent part:

3

(a) When a parolee is serving a new sentence in a federal, state or local institution, a parole violation warrant may be placed against him as a detainer.
(1) If the prisoner is serving a new sentence in a federal institution, a revocation hearing shall be scheduled within 120 days of notification of placement of the detainer, or as soon thereafter as practicable, provided the prisoner is eligible for and has applied for an initial hearing on the new sentence, or is serving a new sentence of one year or less. In any other case, the detainer shall be reviewed on the record pursuant to paragraph (a)(2) of this section.

28 C.F.R. § 2.47(a)(1). Because Hunt was serving a new, non-parolable sentence of greater than one year when the warrant was placed as a detainer, he was only entitled to a dispositional record review pursuant to 28 C.F.R. § 2.47(a)(2), which he received. See, e.g., Merriweather v. U.S. Parole Comm'n, No. 2:08-CV-1977 JFM, 2009 WL 1684589, at *4 (E.D. Cal. June 16, 2009) (unpublished), aff'd, 402 F. App'x 219 (9th Cir. 2010) (unpublished); Guidice v. U.S. Parole Comm'n, Civil Action No. 07-3055 (RBK), 2008 WL 199468, at *5 (D.N.J. Jan. 18, 2008) (unpublished).

To the extent that Hunt's dispositional record review was delayed, he has not shown a due process violation. See, e.g., Moody, 429 U.S. at 87, 89; Merriweather, 2009 WL 1684589, at *4 & n.7. Thus, the Parole Commission's September 27, 2012, dispositional review of the detainer renders Hunt's habeas petition moot. See, e.g., Anderson v. United States, 898 F.2d 751, 752 (9th Cir. 1990) (per curiam); Donn v. Baer, 828 F.2d 487, 491 (8th Cir. 1987); Heath v. U.S. Parole Comm'n, 788 F.2d 85, 90–91 (2d Cir. 1986). To the extent Hunt seeks re-characterization of the petition as a Writ of Mandamus, Response, D.E.11, p.1, the request fails. See In re Paige, 138 F. App'x 518, 518 (4th Cir. 2005) (per curiam) (unpublished).

4
Case 5:12-hc-02214-BO   Document 26   Filed 03/25/14   Page 4 of 5

In sum, the court GRANTS respondent's motion to dismiss [D.E. 16], and DISMISSES petitioner's application for a writ of habeas corpus as moot. After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Hunt's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Accordingly, the court denies a certificate of appealability. The clerk shall close the case.

SO ORDERED. This __ day of March 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE